UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMEDISYS, INC., ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-1357-CM-TJJ |
| ) | |
| ) | |
| INTERIM HEALTHCARE OF ) | |
| WICHITA, INC., et al., ) | |
|         Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Verified Complaint (ECF No. 21). Plaintiff seeks leave to add another party plaintiff. Defendants Interim Healthcare of Wichita, Inc. and Lisa Stearns oppose the motion. Upon consideration of the matter, the Court finds that the motion should be granted.

Factual Background

On October 31, 2014, Plaintiff filed its verified complaint. In their separate answers, both Interim Healthcare of Wichita, Inc. and Lisa Stearns asserted the common affirmative defense that Amedisys, Inc. is an unqualified foreign corporation illegally doing business in Kansas without authorization. Plaintiff denies that is has been doing business in Kansas as defined by K.S.A. 17-7301(b). Instead, Plaintiff asserts that its subsidiary, Amedisys Holding, L.L.C., is registered to do business in the state and Plaintiff therefore seeks to amend its verified complaint to "lay[] out in appropriate detail the relationship between and among Plaintiff, Amedisys Holding, and Stearns."[1]

---

[1] *Plaintiff's Motion for Leave to File First Amended Verified Complaint* (ECF No. 21) at 2.

This case arises out of a Protective Covenants Agreement ("the Agreement") that Defendant Stearns executed when she was employed by one of the Amedisys entities. Plaintiff alleges that the Agreement prohibits Stearns from competing against Amedisys within a three-county area of Kansas until at least March 25, 2015, but that Stearns has violated the Agreement through her employment with Defendant Interim Healthcare. Plaintiff states claims of breach of contract against Stearns, tortious interference with contract against Interim Healthcare, and civil conspiracy against both Defendants.

## Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[2] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[3] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

Analysis

Defendants argue that the Court should deny Plaintiff's motion to amend its complaint because (1) the motion was filed in bad faith as Amedisys is attempting to side-step the corporate registration requirements of Kansas law, and (2) the motion is futile as Amedisys Holding is not the real party in interest and it lacks standing to sue to enforce the Agreement.

Bad Faith

Defendants argue that although Plaintiff is not authorized to do business under K.S.A. 17-7301,[7] the allegations of the verified complaint demonstrate that it has been doing so. Defendants contend that Plaintiff's new assertion that Amedisys Holding is the entity conducting business within the state is a subterfuge intended to side-step the corporate registration requirements of Kansas law, is self-serving, and was filed in bad faith.[8] Plaintiff denies the allegation and counters that its motion to amend instead demonstrates its good faith in bringing the issue to the Court's attention.[9]

Although the Court agrees with Defendants that Plaintiff's motion to amend goes to the heart of the case, *i.e.* what company entered into the Agreement with Stearns, the Court's analysis under Rule 15 is directed at other factors. Moreover, the Court will not impute bad faith

---

[6] *Id*. (quoting *Foman*, 371 U.S. at 182).

[7] K.S.A. 17-7301 *et seq*. was repealed effective January 1, 2015. The successor statute, to be codified at K.S.A. 17-7930 *et seq*., currently is available on kslegislature.org. The Court does not suggest that the amendment affects Defendants' argument, but mentions it to have the current citation.

[8] Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Verified Complaint (ECF No. 25) at 5-6.

[9] Plaintiff's Reply Memorandum (ECF No. 30) at 2.

to Plaintiff on the basis of allegations unsupported by evidence. The Court will not deny Plaintiff's motion as having been filed in bad faith.

Futility

Defendants also argue that the Court should deny Plaintiff's motion because Amedisys Holding is not the real party in interest in this case and it lacks standing to sue to enforce the Agreement between Amedisys and Stearns. Defendants therefore contend that amending the complaint to add Amedisys Holding would be futile. Plaintiff disagrees with Defendants' interpretation of the Agreement and maintains that Amedisys Holding has standing to enforce the Agreement.

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[10] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to relief.[11] The issue before this Court is therefore not whether Amedisys Holding ultimately will prevail on its claim, but whether it is entitled to offer evidence to support its allegations.[12]

Defendants cite a case from this district, *A.H.L. Incorporated of Delaware v. Star Insurance Company*,[13] to support their argument that Amedisys is doing business in Kansas in spite of its lack of authority to do so. The issue of whether Amedisys is or is not doing business

---

[10] *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[11] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[12] *See Baumann v. Hall,* No. 98-2126-JWL, 1998 WL 513008, at *1 (D. Kan. July 15, 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[13] 10 F. Supp. 2d 1216 (D. Kan. 1998).

Case 6:14-cv-01357-CM-TJJ   Document 38   Filed 02/26/15   Page 5 of 5

in the state is not before the Court for the purposes of the instant motion.  The *A.H.L.* case is relevant to the issue of futility, however, as the defendant in that case moved to dismiss on the basis that plaintiff was a foreign corporation that had not registered to do business in Kansas as required by law.  Judge Rogers denied the motion and stayed the action for one month to allow plaintiff to comply with the statutory registration obligations.[14]  At this stage of the proceedings, with no motion to dismiss on file, the Court will not presume that the proposed amended complaint would be subject to dismissal.

The Court concludes that Plaintiff's proposed amended complaint is not futile.   The relationship between Amedisys, Amedisys Holding, and Stearns ultimately may be dispositive, but it appears certain that Stearns was employed by one of those companies.  Plaintiff should be afforded the opportunity to offer evidence to support its allegations.  Defendants suffer no prejudice from the amendment, and the Court finds that justice requires granting Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Verified Complaint (ECF No. 21) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve its First Amended Verified Complaint within 24 hours of the date of this order.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2015 at Kansas City, Kansas.

<div style="text-align:right">

s/  Teresa J. James
TERESA J. JAMES
United States Magistrate Judge

</div>

---

[14] 10 F. Supp. 2d at 1221.

5