UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMEDISYS, INC., ) | |
|          Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-1357-CM-TJJ |
| ) | |
| ) | |
| INTERIM HEALTHCARE OF ) | |
| WICHITA, INC., et al., ) | |
|          Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Quash Notice of Deposition and for Protective Order (ECF No. 35). Defendants seek to quash the Notice of Deposition (ECF No. 31) in which Plaintiff states its intention to depose Defendant Lisa Stearns on February 27, 2015. Defendants argue that the Court's February 5, 2015 order (*see* ECF No. 27) does not permit Plaintiff to take depositions before the March 4, 2015 preliminary injunction hearing before District Judge Murguia. Plaintiff disagrees with Defendants' interpretation of the February 5 order.

Judge Murguia has scheduled a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4). No Scheduling Order has yet been entered in this case, as is typical when a complaint seeks preliminary injunctive relief. Notwithstanding this, on January 21, 2015, Plaintiff served Defendants with its First Request for Production of Documents.[1] On February 4, 2015, Plaintiff filed its Motion to Expedite Discovery (ECF No. 22). On February 5, 2015, the undersigned Magistrate Judge initiated a telephone conference

---

[1] ECF No. 20.

1

with counsel to discuss Plaintiff's Motion to Expedite Discovery (ECF No. 22). Counsel agreed that they had not held a Rule 26(f) conference, and accordingly discovery had not commenced.[2]

Ultimately, the Court conducted two telephone conferences with counsel on February 5, and the undersigned Magistrate Judge issued rulings during the second of those conferences. Those rulings are reflected in the Minute Sheet entered on the Court's docket as Document Number 27. As the Minute Sheet states in part, the Court permitted the parties "to commence discovery on a limited basis," which would include Plaintiff's First Request for Production of Documents to Defendants "as well as additional discovery to be propounded by any party."[3] Although a more thoroughly crafted entry would have instead stated that the parties were permitted to engage in "additional *written* discovery," the Court's clear intention is that the parties would conduct written discovery only. The Court's intention is reflected in the choice of the word "propounded," which typically is used in connection with written discovery.

Moreover, the Court and the parties were well aware of the limited time available for the parties to engage in discovery before the preliminary injunction hearing. The Court notes that had the preliminary injunction hearing gone forward on the date originally scheduled, the parties would not have had the benefit of any formal discovery. Indeed, when the undersigned Magistrate Judge inquired whether Plaintiff would prefer that the date for the preliminary injunction hearing be continued so as to allow limited discovery, Plaintiff's counsel replied in the affirmative but mentioned that he would favor only a brief continuance because the time limit on the covenant not to compete was nearing expiration. To allow depositions to be noticed and taken would have been inconsistent with the current schedule.

---

[2] *See* Fed. R. Civ. P. 26(d). The rule states in relevant part that "[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."

[3] Minute Sheet (ECF No. 27) at 2.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash Notice of Deposition and for Protective Order (ECF No. 35) is granted. The Notice of Deposition of Lisa Stearns (ECF No. 31) is hereby quashed. Defendants shall not attempt to take the deposition of Terisa Marlow before the preliminary injunction hearing. Neither party shall be permitted to take any depositions until a Scheduling Order is entered in this case.[4]

**IT IS SO ORDERED.**

Dated this 27th day of February, 2015 at Kansas City, Kansas.

s/ Teresa J. James
TERESA J. JAMES
United States Magistrate Judge

---

[4] The undersigned Magistrate Judge will enter an Initial Order Regarding Planning and Scheduling following Judge Murguia's ruling on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4).