UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AMEDISYS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-1357-CM-TJJ |
| | ) | |
| | ) | |
| INTERIM HEALTHCARE OF | ) | |
| WICHITA, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In its Memorandum and Order ruling on Defendant's Motion to Quash Notice of Deposition (ECF No. 39), the Court set forth the facts relating to the parties' discovery that is to be concluded before the preliminary injunction hearing set for March 4, 2015 before District Judge Carlos Murguia.  The Court need not repeat those facts.  In its Minute Sheet following the Court's February 5, 2015 telephone conferences with counsel (ECF No. 27), the Court provided instructions for how counsel should bring to the Court's attention any further disputes with respect to their early discovery so that the Court could address the issues before March 4, 2015.

Disputes have arisen between the parties.  Pursuant to the Court's instruction, on February 26, 2015, both Plaintiff's and Defendants' counsel sent letters to the undersigned Magistrate Judge outlining their requests to compel discovery responses and explaining their resistance to discovery requests.  Because the pre-hearing discovery the Court has allowed is on a condensed schedule, and the hearing is now four days away (with an intervening weekend), the Court issues this abbreviated Memorandum and Order without the parties having filed motions and without the benefit of full briefing.  The Court construes the parties' letters as their respective motions to compel.

1

<u>Plaintiff's Motion to Compel Production of Documents</u>

Plaintiff served on Defendants 49 Requests for Production of Documents.  In response, Defendants stated a number of boilerplate objections.  Defendants also provide a separate response to every request, each of which is preceded by a statement that Defendants are responding without waiving any of their specific or general objections.

Plaintiff takes exception to Defendants' objections as a general matter but does not request any specific relief.

The Court finds that Defendants have waived their boilerplate objections by having responded to each request.  "[W]henever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."[1]  The Court notes, however, that Defendants have responded either by stating that they possess no documents responsive to the request or that they will produce the documents.  Defendants' responses indicate their intent to provide Plaintiff the information it needs. That is, Defendants did not object to producing any existing responsive documents.  Because Plaintiff has not requested additional relief, the Court makes no further order with respect to Defendants' Reponses to Plaintiff's First Request for Production of Documents other than the timing of production.  Defendants shall produce the responsive documents by the deadline set out below.

<u>Defendants' Motion to Compel Plaintiff's Answers to Interrogatories</u>

Defendants served two interrogatories on Plaintiff.  Plaintiff objected to the first interrogatory on the grounds that it is overbroad and unduly burdensome because it "would require Plaintiff to identify every action, however de minimis, that Stearns took relating to each

---

[1] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *3 (D. Kan. Feb. 11, 2014) (internal citation omitted).

such solicitation [of business]."  Without waiving the objection, Plaintiff provided an answer.  In response to the second interrogatory, Plaintiff answered: "See objections and answers to interrogatory no. 1."

Defendants contend that Plaintiff's answers are off base and do not provide meaningful information about Plaintiff's claims of solicitation of business and breach of contract.  Plaintiff responds that "there is no additional information Plaintiff could presently supply to respond to those [interrogatories] – beyond the facts, identified in the complaint and already disclosed to Defendants . . . , that Plaintiff has suffered significant lost business on the accounts Lisa Stearns worked."

The Court overrules Plaintiff's objections.[2]  The two interrogatories are not overbroad or unduly burdensome.  By close of business on March 2, 2015, Plaintiff shall provide a complete answer to these interrogatories, except that Plaintiff shall not be required at this stage of the litigation to produce documents regarding the gross and/or net revenues derived from referrals (see ruling below regarding Requests for Production 3 and 4).  In presenting its evidence at the preliminary injunction hearing, Plaintiff shall be limited to its Amended Verified Complaint and their current interrogatory answers or any supplemental answers served by the deadline set out herein, as factual support solicitation of business claims and breach of the Protective Covenants Agreement claim.

<u>Defendants' Motion to Compel Production of Documents</u>

Defendants served on Plaintiff four Requests for Production of Documents.  From counsel's letters, it appears that Plaintiffs have produced a very large volume of documents in

---

[2] The Court does not deem Plaintiff's objections waived under the authority cited in footnote 1, *supra*, because the Court does not consider Plaintiff's answers to be responsive.

response to the request.  The Court is unable to determine based upon the information available to it at this time whether, as Defendants seem to imply, the production was overinclusive and intended to obfuscate or at least frustrate Defendants' search for relevant information.  In addition, because of the abbreviated briefing, short time before the hearing, and limited information provided, the Court does not have a comprehensive understanding of the relevant considerations involved in determining whether Plaintiff has fully complied with its obligations in responding to Defendants' First Request for Production of Documents.  The Court therefore makes the following limited ruling.  With respect to Request Numbers 1 and 2, the Referral Logs to which Defendants refer clearly fall within the requests.  Therefore, by the close of business on March 2, 2015, Plaintiff shall produce all such Referral Logs that exist for the time periods referred to therein. With respect to Request Numbers 3 and 4, to the extent Defendants are seeking to obtain information about contacts Plaintiff alleges were improper, the Court finds that this information can be discovered through other discovery requests and Request Numbers 3 and 4 are duplicative.  If Defendants are seeking to obtain information about contacts Plaintiff alleges were improper, the Court finds that other means are likely to be more productive.  If Defendants are seeking information relative to Plaintiff's claim for damages, that issue is not ripe in the current posture of the case which seeks injunctive relief.  This is an issue the parties may wish to revisit in the normal course of discovery.[3]

     **IT IS THEREFORE ORDERED** that **by the close of business on March 2, 2015,** (1) Defendants shall produce all documents responsive to Plaintiff's First Request for Production of Documents which their responses state that they will produce but which they have yet to

---

[3]  As noted in a previous order (ECF No. 39), the undersigned Magistrate Judge will enter an Initial Order Regarding Planning and Scheduling following Judge Murguia's ruling on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4).

produce; (2) Plaintiff shall provide a complete answer to Defendants' First Set of Interrogatories to Plaintiff, or shall be precluded from introducing in evidence at the preliminary injunction hearing any factual support for its solicitation of business claims and breach of the Protective Covenants Agreement claim beyond the current interrogatory answers, any supplemental answers served by the deadline set out herein, and the Amended Verified Complaint; and (3) Plaintiff shall produce the Referral Logs Defendants request in Request Numbers 3 and 4 of their First Request for Production of Documents to Plaintiff.  As counsel prepare and serve their discovery responses, the Court reminds counsel of their obligations pursuant to Federal Rule of Civil Procedure 26(g)(1)(B).

**IT IS SO ORDERED.**

Dated this 28th day of February, 2015 at Kansas City, Kansas.

s/  Teresa J. James
TERESA J. JAMES
United States Magistrate Judge

5